**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARK MAKSYMOWICZ, ROBERT )
LARIMORE and STEVEN OBERDING )
                                    )
          Plainitffs, )
                                      )
           v. )      2009 C 5365
                                      )      JUDGE MANNING
ZOOM GRAPHICS, LLC., et al. )
                                      )
          Defendants. )

## <u>DEMAND FOR JUDGMENT</u>

To:  Michael W. Dobbins, Clerk of the Court

       Now comes plaintiff, pursuant to Rule 55(b) FRCP and herewith demands judgment in favor of the plaintiffs.  In support hereof, co-plaintiffs state:

    1.     This suit arises under the maximum hours (overtime wage) provisions of the Fair Labor Standards Act, 29 U.S.C. 207(a)(1). The court has supplemental jurisdiction over the state law claim for wages and final compensation due under 820 ILCS 115/11(c) pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367(a)(1).

    2.     In this suit, plaintiffs contend they worked more than 40 hours in certain work weeks for which they were not remunerated at the rate of one and one-half their regular rate in accordance with Section 207(a)(1).  They also contend they were not paid certain vacation days and other wages before they were terminated.  With

leave of court, upon notice and motion, co-plaintiffs OBERDING

and LARIMORE were joined in this suit. (Docket No. 12).

3.     The record (Docket Nos. 5-7) shows that defendants were served

with process by delivery of the summons and complaint to each of

the three defendants on September 2, 2009 by DYNAMEX

MESSENGER SERVICE.  An answer to said complaint was due

September 22, 2009.

4.     None of the three defendants has answered the complaint or

appeared in this case.  They are now in default and a request for

default is filed contemporaneous herewith.  It is believed that the

defendants have ceased doing business and they have no intention

of paying the wages earned and overdue.

5.     Each of the three defendants is an "employer" of the co-plaintiffs

pursuant to 29 U.S.C. 203(c), as they each directly and indirectly

supervised the plaintiffs in this small printing business.

6.     Rule 55(b) FRCP provides that the clerk "must enter judgment for

the amount and costs against a defendant who has defaulted for not

appearing and who is neither a minor nor an incompetent

person…" where the claim is for a sum certain which can be made

by computation.  Rule 55(b) FRCP.

7.     Co-plaintiffs have made such computations as to the amount of

back wages due.  Attached is an affidavit of counsel attesting as to

the amounts due each co-plaintiff, as required by Rule 55(b)

FRCP.

## I.    <u>OVERTIME WAGES (BACK PAY)</u>

29 U.S.C. 207(a), the "maximum hours" provision of the Fair Labor Standards Act of 1938 [FLSA] requires that overtime wages be paid at the rate of one and one-half the regular rate for all hours worked beyond 40 hours in a single work week. <u>Corning Glass Works v. Brennan</u>, 417 U.S. 188, 196-76 (1974); <u>Bankston v. State of Illinois</u>, 60 F.3<u>rd</u> 1249 (7<u>th</u> Cir. 1995); <u>Urnikis-Negro v. American Family Property Services, Inc.</u>, 2008 U.S. Lexis 102034 (N.D. Ill. 2008). Plaintiffs have prepared a week-by-week calculation of the overtime hours worked based upon actual time and attendance records obtained from the employers. Exs. 1, 2 and 3.

In said calculations, it has been determined that the co-plaintiffs are due the following sums:

### MAKSYMOWICZ

| | |
|---|---|
| Back overtime due | $12,420.90 |
| Liquidated damages | 12,420.90 |
| Unpaid vacation time | 1,080.00 |
| Last paycheck balance | 100.00 |
| | _____ |
| | $26,021.80 (Ex. 1) |

### LARIMORE

| | |
|---|---|
| Back overtime due | 5,696.45 |
| Liquidated damages | 5,696.45 |
| Unpaid vacation | 1,107.84 |
| Dental Insurance withheld | 368.81 |
| | _____ |
| | 12,869.54 (Ex. 2) |

**<u>OBERDING</u>**

| | |
|---|---|
| Back overtime wages | 2,875.21 |
| Liquidated damages | 2,875.21 |
| | _____ |
| | $5,750.42 |

The Seventh Circuit has recently held in <u>Brown v. Family Dollar Stores of Indiana</u>, 534 F.3rd 593 (7th Cir. 2008) that the amount of overtime proved need be only approximate where the employer's records are insufficient or wanting, as in this case. The employer's own records have been used in making these calculations. Where there is a lack of records, the employee's testimony is sufficient, even if it be only approximate; for, the result of the employer's neglect should not serve to punish the employee. The leading case on this issue is <u>Anderson v. Mt. Clemens Pottery Co.,</u> 328 U.S. 680, 686-87 (1946) which held that the employee's testimony is sufficient to sustain an award of damages, even if the amounts be only approximate. Recently, the United States Court of Appeals for the Seventh Circuit (Rovner, J.) in <u>Brown v. Family Dollar Stores of Indiana</u>, 534 F.3rd 593 (7th Cir. 2008) followed <u>Anderson</u> and reversed the district court which held the employee to too high a standard of proof ("definite and certain evidence"). In this case, there is no genuine issue as to the amounts due, as the employer's records have been used.

## II.  LIQUIDATED DAMAGES ARE PRESUMPTIVELY AWARDED

Title 29 U.S.C. 216(b) provides that "an additional amount" of wages "shall" be awarded as liquidated damages as part of the judgment. This means the overtime is doubled. The Seventh Circuit has stated, "double damages are the norm, not the

exception." <u>Shea v. Galaxie Lumber & Construction Co.</u>, 152 F.3rd 729. 733 (7th Cir. 1998), citing <u>Avitia v. The MetropolitanClub</u>, 49 F.3rd 1219, 1223 (7th Cir. 1995) and <u>Walton v. United Consumer's Club</u>, 786 F.2nd 303, 308-09 (7th Cir. 1986) (Eastebrook, J.)  See, also, <u>Bankston v. State of Illinois</u>, 60 F.3rd 1249, 1254 (7th Cir. 1995) and <u>Urnikis-Negro v. American Family Property Services, Inc.</u>, 2008 U.S.LEXIS 102034 (N.D. Ill.).

The burden of proof is on the employer to exonerate itself from liability for liquidated damages.  In order to exonerate itself from liability for liquidated damages, the employer must show (a) they acted in good faith and (b) they had a reasonable basis to believe that their conduct was not in violation of the Act.  They have not done so. Criminal intent is not required to impose liquidated damages.  The FLSA has been structured such that the employer's liability for back wages, liquidated damages, attorney's fees and costs of the action are regarded as a single, indivisible liability, even where the employer has voluntarily made a payment of the back wages after they were due.  <u>Birbalas v. Cuneo Printing Co.</u>, 140 F.2nd 826 (7th Cir. 1944).

### III.    <u>ATTORNEY'S FEES AND COSTS</u>

The FLSA imposes mandatory fees and costs "in addition to the judgment".  <u>Shea v. Galaxie Lumber</u>, 152 F.3rd 729, 733 (7th Cir. 1998).  The fees requested are $5,894.39. These appear reasonable.  Counsel, well-experienced in overtime cases, has attached his time records, Ex. 4, showing approximately 9.65 hours of time have been expended on the case at counsel's current hourly rates, plus $408.66 in statutory costs, Ex. 5.  Both the statute, 29 U.S.C. 216(b) and the case law require that attorney's fees and court costs be taxed.  In <u>Birbalas v. Cuneo Printing Industries</u>, 140 F.2nd 826 (7th Cir. 1944), the

court of appeals held that the employer's liability for the back wages, liquidated damages, cost and attorney's fees is a single, indivisible liability. Counsel asks that costs and fees of $6,303.05 be taxed as part of the judgment.

## IV. CONCLUSION

Plaintiffs ask the court to enter judgment in favor of the co-plaintiffs and against each of the defendants, jointly and severally, in the sum of $50,944.81, itemized as follows:

| | |
|---|---|
| **MAKSYMOWICZ** | $26,021.80 (Ex. 1) |
| **LARIMORE** | 12,869.54 (Ex. 2) |
| **OBERDING** | 5,750.42 (Ex. 3) |
| **ATTORNEY'S FEES** | 5,894.39 (Ex. 4) |
| **COSTS OF SUIT** | 408.66 (Ex. 5) |
| | _____ |
| **TOTAL JUDGMENT REQUESTED** | **$ 50,944.81** |
| | ========== |

/s/ Ernest Rossiello

_____
ERNEST T. ROSSIELLO

Ernest T. Rossiello & Associates, P.C.
134 North LaSalle Street, Suite 1330
Chicago, Illinois 60602-1137
(312) 346-8920

Attorney for Plaintiffs

## **AFFIDAVIT OF ERNEST T. ROSSIELLO**

ERNEST T. ROSSIELLO declares under penalties of law that he prepared the attached damage calculations of the three co-plaintiffs based upon actual time and attendance records of the defendants provided to him by the co-plaintiffs, as well as other information provided to him by the co-plaintiffs, and that the calculations are true and correct as to the amounts owed to the best of his knowledge.

/s/ ERNEST T.ROSSIELLO
_____

December 1, 2009

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that a true and correct copy of said document was served upon defendants at their address of record by mailing a copy to them by first class mail, with proper postage fully pre-paid, and pursuant to ECF as to Filing Users in accordance with Fed.R.Civ.P.5(a) and (b) on this December 1, 2009 before 4:00 P.M .

_ s/ Ernest T. Rossiello__
ERNEST T. ROSSIELLO