**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARK MAKSYMOWICZ, ROBERT LARIMORE and STEVEN OBERDING | ) ) ) | |
| Plainitffs, | ) ) | |
| v. | ) ) | 2009 C 5365 JUDGE MANNING |
| ZOOM GRAPHICS, LLC., et al. | ) ) | |
| Defendants. | ) | |

## SECOND AMENDED MOTION FOR JUDGMENT

Now comes plaintiff, pursuant to Rule 55(b) FRCP and herewith demands judgment in favor of the plaintiffs. In support hereof, co-plaintiffs state:

1. This suit arises under the maximum hours (overtime wage) provisions of the Fair Labor Standards Act, 29 U.S.C. 207(a)(1). The court has supplemental jurisdiction over the state law claim for wages and final compensation due under 820 ILCS 115/11(c) pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367(a)(1).

2. In this suit, plaintiffs contend they worked more than 40 hours in certain work weeks for which they were not remunerated at the rate of one and one-half their regular rate in accordance with Section 207(a)(1). They also contend they were not paid certain vacation days and other wages before they were terminated. With leave of court, upon notice and motion, co-plaintiffs OBERDING

and LARIMORE were joined in this suit. (Docket No. 12).

3. The record (Docket Nos. 5-7) shows that defendants were served with process by delivery of the summons and complaint to each of the three defendants on September 2, 2009 by DYNAMEX MESSENGER SERVICE. An answer to said complaint was due September 22, 2009.

4. None of the three defendants has answered the complaint or appeared in this case. They are now in default and a request for default is filed contemporaneous herewith. It is believed that the defendants have ceased doing business and they have no intention of paying the wages earned and overdue. On December 30, 2009 plaintiffs learned that Subhash Desai has filed a persona; petition in bankruptcy under Chapter 7, *In Re: Subhash Desai and Smruti Desai,* No. 09B47906 (N.D. Ill.), filed December 18, 2009. This does not affect the corporate liability or the liability of the other defendants who have not filed for bankruptcy. Accordingly, no judgment should be entered against Subhash Desai.

5. Each of the defendants is an "employer" of the co-plaintiffs pursuant to 29 U.S.C. 203(c), as they each directly and indirectly supervised the plaintiffs in this small printing business.

6. Rule 55(b) FRCP provides that the clerk "must enter judgment for the amount and costs against a defendant who has defaulted for not appearing and who is neither a minor nor an incompetent

person…" where the claim is for a sum certain which can be made by computation. Rule 55(b) FRCP.

7. Co-plaintiffs have made such computations as to the amount of back wages due. These computations are based upon actual time records of the defendants, which co-plaintiffs downloaded from the employer's data base. Attached are affidavits of the co-plaintiffs and their damage calculations, Exs. 1-3, attesting to the amounts due each co-plaintiff, as required by Rule 55(b) FRCP.

**I.     OVERTIME WAGES (BACK PAY)**

29 U.S.C. 207(a), the "maximum hours" provision of the Fair Labor Standards Act of 1938 [FLSA] requires that overtime wages be paid at the rate of one and one-half the regular rate for all hours worked beyond 40 hours in a single work week. <u>Corning Glass Works v. Brennan</u>, 417 U.S. 188, 196-76 (1974); <u>Bankston v. State of Illinois</u>, 60 F.3rd 1249 (7th Cir. 1995); <u>Urnikis-Negro v. American Family Property Services, Inc.</u>, 2008 U.S. Lexis 102034 (N.D. Ill. 2008). Plaintiffs have prepared a week-by-week calculation of the overtime hours worked based upon actual time and attendance records obtained from the employer. Exs. 1, 2 and 3.

In said calculations, it has been determined that the co-plaintiffs are due the following sums:

**MAKSYMOWICZ**

| | |
|---|---:|
| Back overtime due | $12,420.90 |
| Liquidated damages | 12,420.90 |
| Unpaid vacation time | 1,080.00 |
| Last paycheck balance | 100.00 |

$26,021.80 (Ex. 1-A to 1-H)

**LARIMORE**

|  |  |
|---|---|
| Back overtime due | 5,696.45 |
| Liquidated damages | 5,696.45 |
| Unpaid vacation | 1,107.84 |
| Dental Insurance withheld | 368.81 |

12,869.54 (Ex. 2-A to 2-B)

**OBERDING**

|  |  |
|---|---|
| Back overtime wages | 2,875.21 |
| Liquidated damages | 2,875.21 |

$5,750.42 (Ex. 3-A)

The Seventh Circuit has recently held in Brown v. Family Dollar Stores of Indiana, 534 F.3rd 593 (7th Cir. 2008) that the amount of overtime proved need be only approximate. Co-plaintiffs have proved more. The employer's own records have been used in making these calculations. The employee's testimony is sufficient, even if it be only approximate; for, the result of the employer's neglect should not serve to punish the employee. The leading case on this issue is Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946) which held that the employee's testimony is sufficient to sustain an award of damages, even if the amounts be only approximate. Recently, the United States Court of Appeals for the Seventh Circuit (Rovner, J.) in Brown v. Family Dollar Stores of Indiana, 534 F.3rd 593 (7th Cir. 2008) followed Anderson and reversed the district court which held the employee to too high a standard of proof ("definite and certain evidence"). In this case, there is no genuine issue as to the amounts due, as the employer's records have been used.

## II. LIQUIDATED DAMAGES ARE PRESUMPTIVELY AWARDED

Title 29 U.S.C. 216(b) provides that "an additional amount" of wages "shall" be awarded as liquidated damages as part of the judgment. This means the overtime is doubled. The Seventh Circuit has stated, "double damages are the norm, not the exception." Shea v. Galaxie Lumber & Construction Co., 152 F.3rd 729. 733 (7th Cir. 1998), citing Avitia v. The MetropolitanClub, 49 F.3rd 1219, 1223 (7th Cir. 1995) and Walton v. United Consumer's Club, 786 F.2nd 303, 308-09 (7th Cir. 1986) (Eastebrook, J.) See, also, Bankston v. State of Illinois, 60 F.3rd 1249, 1254 (7th Cir. 1995) and Urnikis-Negro v. American Family Property Services, Inc., 2008 U.S.LEXIS 102034 (N.D. Ill.).

The burden of proof is on the employer to exonerate itself from liability for liquidated damages. In order to exonerate itself from liability for liquidated damages, the employer must show (a) they acted in good faith and (b) they had a reasonable basis to believe that their conduct was not in violation of the Act. They have not done so. Criminal intent is not required to impose liquidated damages. The FLSA has been structured such that the employer's liability for back wages, liquidated damages, attorney's fees and costs of the action are regarded as a single, indivisible liability, even where the employer has voluntarily made a payment of the back wages after they were due. Birbalas v. Cuneo Printing Co., 140 F.2nd 826 (7th Cir. 1944).

### III. ATTORNEY'S FEES AND COSTS

The FLSA imposes mandatory fees and costs "in addition to the judgment". Shea v. Galaxie Lumber, 152 F.3rd 729, 733 (7th Cir. 1998). The fees requested are $5,894.39. These appear reasonable. Counsel, well-experienced in overtime cases, has attached his

time records, Ex. 4, showing approximately 9.65 hours of time have been expended on the case at counsel's current hourly rates, plus and $408.66 in statutory costs, Ex. 5. Counsel has also attached his affidavit, Ex. 6, attesting that his time records are correct and that the time and expenses incurred in connection with this case were reasonable and necessary. He has billed hourly based on past awards, settlements and knowledge of what comparable lawyers charge for similar services. The affidavit also attests to his history of rates awarded and obtained through settlements. The history of rates is relevant evidence to the district court's current inquiry. People Who Care v. Board of Education, 90 F.3rd 1307, 1310-12 (7th Cir. 1996), citing Tolention v. Friedman, 46 F.3rd 645, 652 (7th Ciur. 1995). Both the statute, 29 U.S.C. 216(b) and the case law require that attorney's fees and court costs be taxed. In Birbalas v. Cuneo Printing Industries, 140 F.2nd 826 (7th Cir. 1944), the court of appeals held that the employer's liability for the back wages, liquidated damages, cost and attorney's fees is a single, indivisible liability. Counsel asks that costs and fees of $6,303.05 be taxed as part of the judgment.

### IV. CONCLUSION

Plaintiffs ask the court to enter judgment in favor of the co-plaintiffs, MARK MAKSYMOWICZ, ROBERT LARIMORE and STEVEN OBERDING and against each of the remaining defendants, ZOOM GRAPHICS, LLC. AND SANDIP MEHTA, jointly and severally, in the sum of $50,944.81, itemized as follows:

| | |
|---|---|
| **MAKSYMOWICZ** | $26,021.80 (Ex. 1) |
| **LARIMORE** | 12,869.54 (Ex. 2) |
| **OBERDING** | 5,750.42 (Ex. 3) |
| **ATTORNEY'S FEES** | 5,894.39 (Exs. 4, 6) |
| **COSTS OF SUIT** | 408.66 (Ex. 5) |

**TOTAL JUDGMENT REQUESTED**        **$ 50,944.81**
==========

/s/ Ernest Rossiello
_____
ERNEST T. ROSSIELLO

Ernest T. Rossiello & Associates, P.C.
134 North LaSalle Street, Suite 1330
Chicago, Illinois 60602-1137
(312) 346-8920

Attorney for Plaintiffs

December 30, 2009